IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation _____/ ORANGE COUNTY WATER DISTRICT,<br><br>        Plaintiff,<br><br>  v.<br><br>UNOCAL CORPORATION, et al.,<br><br>        Defendants.<br>_____/<br>KINDER MORGAN ENERGY PARTNERS, L.P., et al.,<br><br>        Movant.<br>_____/ | 2:10-mc-0086 FCD DAD<br><br><br><br><br><br><br><br>ORDER DENYING NON-PARTY KINDER EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO QUASH SUBPOENA |

        On August 27, 2010, Kinder Morgan Energy Partners, L.P. filed an unnoticed motion to quash a subpoena served by Orange County Water District in connection with its underlying litigation in the United States District Court for the Southern District of New York, Orange County Water District v. Unocal Corp., et al., Case No. 04 Civ. 4968 (SAS), which is part of multi-district litigation In re: Methyl Tertiary Butyl Ether Prod. Liability Litig., MDL No.

1

1358 (SAS).  The motion to quash includes a motion in the alternative for a protective order and a request for sanctions.  On September 2, 2010, movant filed an ex parte application for an order shortening time seeking an expedited hearing on its motions.

The undersigned finds that movant has failed to demonstrate good cause to hear its motions on shortened time.  First, movant indicates that discovery is closed in the underlying litigation, although Orange County Water District has apparently requested an extension of the discovery deadline.  Second, movant was served with identical subpoenas issued out of two judicial districts – the Eastern District of California and the District of Delaware.  On August 27, 2010, movant filed a motion to quash in the Delaware district court, and that court issued an order on August 31, 2010, requiring Orange County Water District to respond to the motion on or before September 3, 2010.  Third, the subpoena issued out of the Eastern District of California and served on movant on August 24, 2010 commanded the person most knowledgeable on 22 topics to appear for deposition and to produce 19 categories of documents on August 30 and 31, 2010, dates that have already passed.  Fourth, the subpoena issued out of the Eastern District of California violates Rule 45(a)(2)(B) and (C) of the Federal Rules of Civil Procedure, because the place of the noticed deposition is Fountain Valley, California, in Orange County, which is located in the Central District of California.  Finally, Orange County Water District previously served movant with a subpoena for deposition and production of documents in January 2009 and never moved to compel compliance with the subpoena after movant objected and requested modification and re-issuance of the subpoena.

Under these circumstances, the undersigned is unable to find that movant will suffer harm by complying with this court's 21-day notice requirement for motions dealing with discovery matters.  See Local Rule 251(a).  Moreover, it appears reasonable to believe that any issues raised by this motion to quash will be rendered moot either by the ruling of the United States District Court for the District of Delaware on the motion to quash an identical subpoena or by the ruling of the United States District Court for the Southern District of New York on Orange

County Water District's request to extend the discovery deadline in the underlying action. If the motion to quash is rendered moot by those rulings or the other circumstances, movant is directed to file a notice with this court withdrawing the motion. If not, and movant still wishes to have the motion heard by this court, movant is directed to contact Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128, for available dates and file a notice of motion setting the motion to quash for hearing on an appropriate date. The parties are informed that any party may appear at any such hearing telephonically by contacting Pete Buzo no later than three days before the noticed hearing date. A land-line telephone number must be provided for telephonic appearance.

Finally, if the motion to quash proceeds to hearing, the undersigned directs the parties to submit a Joint Statement re Discovery Disagreement, as described by Local Rule 251(b) and (c). If counsel for movant is unable to obtain the cooperation of counsel for Orange County Water District in complying with the requirements of conferring and preparing a Joint Statement re Discovery Disagreement, counsel for movant shall file the affidavit described in Local Rule 251(d). If opposing counsel does not cooperate, the failure or refusal to confer or to participate in the preparation of a joint statement "shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel." Id.

IT IS HEREBY ORDERED that movant's September 2, 2010 ex parte application for order shortening time (Doc. No. 3) is denied and movant shall, if necessary, notice its August 27, 2010 motion to quash for hearing in accordance with Local Rule 251(a).

DATED: September 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\orangecounty0086.app.den